[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15799
Non-Argument Calendar

_____

D. C. Docket No. 00-00216-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER CANHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 20, 2007)**

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Christopher Canham challenges the procedural and substantive reasonableness of his 24-month sentence, imposed upon revocation of supervised release pursuant to 18 U.S.C. § 3583(e). For the reasons set forth more fully below, we affirm.

The probation officer petitioned for the revocation of Canham's supervised release for violating the law based on a June 6, 2006 arrest for two counts of computer theft; violating the law in connection with three automobile sales where Canham failed to provide title and destroyed, removed, concealed, encumbered, or transferred property subject to a security interest; failing to notify his probation officer within 72 hours of his arrest; and failing to truthfully answer all inquiries by the probation officer, as the intended victim of Canham's computer theft offense did not receive a full refund as Canham had reported to the probation officer.

Canham denied the allegations, and both parties presented evidence and made arguments as to an appropriate punishment by the district court, the government seeking a 24-month sentence, and Canham seeking in-house arrest, some alternative incarceration other than straight jail time, or supervised release. After hearing the evidence and arguments, the district court made the following findings:

> I do find that Mr. Canham is in violation of the terms of his supervised release for the reasons alleged in the petition. He has sold

vehicles and failed to provide title. He has sold property subject to a security interest. Having later made some insufficient, I might add, attempt to rectify that certainly doesn't excuse the original offense.

I find that he failed to notify his probation officer of his arrest in Forsyth County, and that those were discovered by the probation officer, not disclosed by him, and in reviewing the probation report, I find that he failed to answer truthfully on numerous occasions, and, of course, has been cited for probation violations a number of times in the past.

He continued to operate a used motor vehicle dealership after the voluntary surrender of his license. He was cited by the Secretary of State based on fraud and misrepresentation and unprofessional conduct, and as a result of those violations, Mr. Canham, I'm going to sentence you to the custody of the Bureau of Prisons for 24 months.

I would impose a lengthy term of supervised release after that if I were authorized to but I'm not . . . .

Neither party raised any objections, although the government noted that Canham had a right of allocution before the sentence was imposed. The district court gave Canham an opportunity to speak, noting that it would reconsider the sentence if Canham provided anything in mitigation. Personally addressing the court, Canham explained the reasons and motivations for his actions, and expressed concern about his daughter. The district court responded:

> Well, I'm truly sorry about your daughter, Mr. Canham. I did review the judgment of the court awarding you custody, and it did seem there were problems there with your former wife, the child's mother, but in view of all the harm you've caused, I still think that's an appropriate sentence, and I think you should have taken all that into consideration before you told these lies to the probation officer and defrauded and sold vehicles in violation of the law.

On appeal, Canham argues that the district court did not demonstrate a

3

sufficient evaluation of the 18 U.S.C. § 3553(a) factors. He contends that the district court was required to consider the § 3553(a) factors and to indicate that it had consider those factors, and that its failure to do either was error. We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Unreasonableness may be procedural, when the court's procedure does not follow the requirements of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), or substantive. See United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006).[1]

Upon finding that a defendant violated a condition of supervised release, the district court may revoke the term of supervised release and impose a term of imprisonment after considering various factors set out in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e). Specifically, the district court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant

---

[1] Before the district court, Canham argued for a lesser punishment than the 24-month sentence imposed by the court, but did not object on the ground that the court did not consider adequately the § 3553(a) factors. We need not decide whether our review of Canham's procedural reasonableness claim is for reasonableness or plain error in this case, because Canham's claim fails under either standard.

with needed educational or vocational training or medical care; (3) the applicable Guidelines or policy statements; (4) pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities; (6) and the need to provide restitution to victims. See id. (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)). The district court is also required to consider, but is not bound by, the advisory policy statements of Chapter 7 of the Guidelines concerning violations of supervised release. United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006).

"[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). We recently considered a case where the district court failed to mention explicitly that it considered the § 3553(a) factors, and we did not hold that this failure warranted vacating the defendant's sentence. See United States v. Dorman, No. 04-14886, slip op. at 2336 (11th Cir. June 8, 2007). Instead, we looked to the record to see if the district court did, in fact, consider factors relevant to § 3553(a) when imposing the sentence. See id. Recently the Supreme Court held that 18 U.S.C. § 3553(c), which requires the sentencing judge to state his reasons for imposing a particular sentence, only requires that the district court "set

5

forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. ___, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).

Under Dorman, the district court's failure to state explicitly that it considered the § 3553(a) factors does not make its sentence unreasonable. See Dorman, No. 04-14886, slip op. at 2336. Taken as a whole, the district court's comments set forth above reflect that its concern when imposing the sentence was the actions underlying Canham's supervised release violations. Although the district court did not address each argument advanced by the parties, the record reflects that the district court considered the evidence and the parties' arguments, which raised issues relevant to a number of the applicable § 3553(a) factors, particularly the nature and circumstances of the offense. The record also reveals why the district court selected a 24-month sentence – Canham's conduct underlying the supervised release violations and the harm that conduct caused. We therefore hold that the record reflects that the district court adequately considered the § 3553(a) factors.

To evaluate the substantive reasonableness of Canham's sentence, we consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons

for imposing the particular sentence. United States v. Williams, 456 F.3d 1353, 1360-61 (11th Cir. 2006), cert. dismissed, (U.S. June 28, 2007) (No. 06-7352). "When reviewing the length of a sentence for reasonableness, we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. at 1363. "[T]here is a range of reasonable sentences from which the district court may choose" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and "[w]e will not substitute our judgment in weighing the relevant factors because our review is not de novo." Williams, 456 F.3d at 1363 (citation, quotation marks, and alteration omitted).

Canham's 24-month sentence was the statutory maximum sentence applicable following the revocation of his supervised release. See 18 U.S.C. § 3583(e)(3). The district court explained its 24-month sentence based on the totality of Canham's conduct and the harm he caused. Upon review of the

7

proffered and actual testimony presented at the revocation hearing and the pertinent § 3553(a) factors, we hold that the sentence is reasonable. In view of the evidence before the district court, the district court's reliance on Canham's supervised release violations and the resulting harm caused by his actions, even without more extensive explanation than the district court provided, fails to establish that "the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Williams, 456 F.3d at 1363.

In light of the foregoing, Canham's sentence is

**AFFIRMED.**